## Commonwealth v. Munch

*Ernest J. DiSantis,* for the Commonwealth.
*Elliot J. Segal,* for defendant.

NYGAARD, *J.,* November 7, 1984—On November 15, 1983, members of the Pennsylvania Fish Commission searched defendant's commercial fishing vessel and seized 19 boxes containing gill nets and four boxes containing freshly caught perch and walleye. Defendant filed a motion to suppress all of the items seized on the basis that his vessel had been unlawfully inspected and searched and the nets and fish unlawfully seized. This motion was granted, but the Commonwealth filed a timely appeal of the suppression order. Defendant has now filed a motion pursuant to Pa.R.Crim.P. 324, requesting that the fish nets be returned and that the Pennsylvania Fish Commission pay restitution in an amount equal to the value of the fish (which, fortunately, have been disposed of!) At issue is whether the Commonwealth can retain custody of the seized evidence pending decision on its appeal. We conclude that it cannot. To do otherwise would result in the taking of property (albeit perhaps temporary) without due process of law. The search has been declared illegal. The seizure of property must now be undone.

Neither counsel has found Pennsylvania appellate guidance to assist the court in determining the issue. The general rule is that where property has been *lawfully* seized for evidentiary purposes, it need not be returned as long as its retention is necessary to serve justice, 79 C.J.S. Search and Seizure, §93, page 913 (Emphasis added). This general rule has been accepted and expanded by the

Federal District Court for the Southern District of New York to include evidence such as ours, where the lawfulness is in question. In the case of In Re Sylvester, et al, 41 F.2d 231 (1930), the court refused to order the United States to return merchandise seized under a warrant, where an appeal had been taken from the order setting the search warrant aside. The court therein refused the return of property, stating at page 232: " . . . I am without power to do anything, because of the appeal which has been taken by the United States from Judge Kennedy's order." The court in Commonwealth v. Brown, 49 D.&C. 2d 231 (1970), also held that evidence (pornography) *lawfully seized* could be retained by the Commonwealth even after the indictment was quashed.

However, this court is neither persuaded by the logic of the learned courts therein, nor so compelled by our rules. Chapter 17 of the Rules of Appellate Procedure provide us with some guidance. Rule 1701(b) provides that after appeal the trial court may:

"1. . . .
2. Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter."

The court can find nowhere in Chapter 17 any provision indicating that the order of this court has been superseded. Accordingly, we consider it as binding until indicated otherwise by the appellate court.

Furthermore, Title 42 at §5105(e) provides as follows:

(e) Supersedeas. — An appeal shall operate as a supersedeas to the extent and upon the conditions provided or prescribed by law. . . . "

The court is unable to find any conditions provided or prescriptions of the law which would indicate a supersedeas or any factors which operate to prevent the return to defendant of his property.

This court has an abiding concern with constitutionally guaranteed rights. The Commonwealth has been unable to convince this court that to deny this motion would be anything other than an infringement, albeit temporary, of defendant's constitutional right to his property.

The court recognizes that the result of this order may be the disappearance of the property. However, a fundamental basis of the Commonwealth's right to retain property seized, is that the seizure must pass legal muster. In this instance it has not. Accordingly, we enter the following

### ORDER

And now, this November 7, 1984, it is hereby ordered, adjudged and decreed that defendant's motion for return of property is granted. Upon request, the court shall conduct a hearing to determine the value of the fish.